(No. 4865—

NORMAN MAGNUSON, a Minor, by ORVILLE MAGNUSON, his father and next friend, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1967.*

SCHEFFRES and HODES, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; EDWARD A. WARMAN and GERALD S. GROBMAN, Assistant Attorneys General, for Respondent.

DOVE, J.

The issues that surround this claim arise out of an occurrence on August 15, 1958, at about 11:15 A.M. on a bright sunny day on Illinois Route No. 53 just north of Illinois Route No. 68. Claimant, Norman Magnuson, was nineteen years of age at the time of this occurrence, and was operating a motor scooter on said highway. There was a small bridge over a culvert at the point

of the accident. The road leading to the bridge slopes upward with approximately one-half inch to two inches difference in height between the road and the bridge. As the claimant on his motor scooter approached the point where the highway adjoins the bridge, the front end of the scooter left the ground throwing claimant to the highway. Subsequently claimant was taken to Sherman Hospital in Elgin where he remained for twelve days. Claimant contends that he has suffered permanent disability as a result of this occurrence, and that he is entitled to be reimbursed for his medical expenses.

Claimant was being followed on the highway by Walter F. Schneider and Audrey Mae Schneider who observed the accident, and went immediately to his assistance. Claimant testified that he had passed over this bridge many times, had observed it, and noticed the bounce ''You got out of it in a car.'' Mr. and Mrs. Schneider testified that they had been over the road many times, and noticed the condition of the road, but did not feel that the bump was unusual for a car. Mr. Schneider described the rise as a ''slight rise, like what frost would do to cement, would raise it.''

The law is clear that, while the State is not an insurer of persons who drive upon its highways, in cases where there is a defect, which is either known or could have been ascertained by a reasonable inspection, the State would become liable for injuries sustained as the result of said defect. However, it is the duty of claimant to establish his claim by a preponderance of the evidence. In this instance he must not only prove the defect and notice by the State, but he must also prove that he was free of any contributory negligence. According to his own testimony, claimant had been over this area of the highway on many occasions, and was well aware

of the condition of the road. In the case of *Dee* vs. *City of Peru,* 343 Ill. 36, the Court stated: "It has long been the rule in this State that it is the duty of persons about to cross a dangerous place to approach it with care commensurate with the known danger, and, when one on a public highway fails to use ordinary precaution while driving over a known dangerous place, such conduct is by the general knowledge and experience of mankind condemned as negligence."

Claimant was aware of the condition of the roadway, and had knowledge of this defect. We are of the opinion that claimant has not shown by a preponderance of the evidence that he exercised the degree of care, which was required under the circumstances.

"It is well established that the State of Illinois does not act as an insurer in the maintenance of its highways and bridges. Respondent can be held responsible in this case only if it is established by the greater weight of the evidence that claimant, while in the exercise of due care and caution, was injured and damaged as the proximate result of a defect, which was dangerous and unsafe for ordinary travel, and that the State had actual or constructive notice of the defect, and was negligent in allowing such defect to remain uncorrected". (*Leota Anderson,* vs. *State of Illinois,* 22 C.C.R. 413.)

This claim is denied.